## 53966. SOUTHEASTERN FIDELITY INSURANCE COMPANY v. STEVENS.

Submitted June 6, 1977 — Decided June 15, 1977.

*Young, Young, Ellerbee & Clyatt, F. Thomas Young,* for appellant.

*Barham & Bennett, Ed G. Barham,* for appellee.

Deen, Presiding Judge.

◼ It is first contended that the death did not arise out of the use or operation of the truck. This clause, a common one in motor vehicle insurance policies, has been subject to construction in other states, and it is usually interpreted in a broad sense for the usual reasons: that it is ambiguous, or should be construed in favor of the insured, or against the party drafting it, and the burden of proving an exclusion is on the insurer. Carter v. Bergeron, 102 N. H. 464 (160 A2d 348), follows the majority rule in holding that the term "arising out of" does not mean proximate cause in the strict legal sense, nor require a

finding that the injury was directly and proximately caused by the use of the vehicle, nor that the insured vehicle was exerting any physical force upon the instrumentality which was the immediate cause of the injury. That almost any causal connection or relationship will do, see Travelers Ins. Co. v. Aetna Cas. & Sur. Co., 491 SW2d 363: "Case law indicates that the injury need not be the proximate result of 'use' in the strict sense, but it cannot be extended to something distinctly remote. [Cit.] Each case turns on its precise individual facts. The question to be answered is whether the injury 'originated from,' 'had its origin in,' 'grew out of,' or 'flowed from' the use of the vehicle." In that case a gun was accidentally discharged for unknown reasons while being loaded into the vehicle; the car was therefore being "used" for this purpose, and from this use the accident originated. For other cases involving specifically the discharge of a firearm during the loading, unloading, or operation of a motor vehicle, see 89 ALR2d 150, Anno. We are satisfied that where a connection appears between the "use" of the vehicle and the discharge of the firearm and resulting injury such as to render it more likely that the one grew out of the other, it comes within the coverage defined.

■ It is contended, however, that this result can be reached only by inferences arising from circumstantial evidence, and that equally strong inferences can be drawn to the opposite effect, so that recovery on any theory based on circumstantial evidence is insufficient. This argument is best disposed of in *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (2) (129 SE2d 408). "Where a plaintiff in a civil case supports his case solely by circumstantial evidence, before he is authorized to have a verdict in his favor the testimony must be such as to reasonably establish the theory relied on. There must be more than a 'scintilla' of circumstances to carry the case to the jury. It is for the court to say whether the circumstances reasonably establish the hypothesis relied on by the plaintiff. If the evidence meets this test, it is then for the jury to say, either that the plaintiff has not carried his burden of proof because the evidence equally supports his hypothesis and some other reasonable hypothesis, or that the plaintiff has carried his burden of proof in that the

evidence preponderates to his hypothesis as against all other reasonable but less probable hypotheses." This correctly describes the concurrent duties of judge and jury in a jury trial, or the two steps by which the judge must proceed where, as here, a bench trial is involved. In the *McCarty* case the deceased was covered if his fall was accidental and led to the regurgitation and consequent asphyxia from which he died, but not if the deceased suffered an attack related to a bodily infirmity which led to his asphyxia, and death, after which he fell. The facts in evidence offered support to either theory — therefore, there was the required scintilla of evidence upon which alone the court might rule. Thereafter it was the jury's responsibility to decide whether the hypotheses were equally supported or whether one or the other predominated. In the case at bar it is conceded that the pistol discharged accidentally, and that it did so almost immediately after the car turned off of a smooth paved road and commenced traveling on a bumpy, rutted, unpaved road, apparently while being handled by the deceased. The inference that there is a connection between these facts is authorized. No other explanation of the occurrence is advanced. The judge in his capacity as trior of fact was authorized to find that the former hypothesis prevailed over the latter, and this court cannot say as a matter of law that the two are of equal weight.

The trial court did not err in entering up judgment in favor of the plaintiff.

*Judgment affirmed. Webb and Marshall, JJ., concur.*