60401. LEVERETTE v. AETNA CASUALTY & SURETY COMPANY.

POPE, Judge.

Appellant brought suit against appellee insurance company (hereinafter "Aetna") seeking to recover medical expenses and lost

wages under the "no-fault" provision of his automobile insurance policy. Aetna successfully contended that appellant's injuries did not result from the "operation, maintenance or use of a motor vehicle" as required under the Georgia Motor Vehicle Accident Reparations Act (Georgia's "no-fault" statute) and was granted summary judgment. We affirm.

On May 29, 1979 appellant was driving toward Camilla on State Highway 3 when he observed some plum trees along the highway. He parked his pickup truck and proceeded to pick plums. In order to reach plums higher on the tree, he stepped onto the truck bed. At first he stood with one foot in the truck bed and one foot on the side panel; however, being unable to reach the plums desired, he placed both feet on the side panel of the truck bed but slipped and fell to the ground and was injured.

The Georgia Motor Vehicle Accident Reparations Act requires insurers to "pay basic no-fault benefits without regard to fault for economic loss resulting from . . . accidental bodily injury sustained . . . by the insured . . . while occupying any motor vehicle . . ." Ga. L. 1974, pp. 113, 120 (Code Ann. § 56-3407b). " 'Accidental bodily injury' means bodily injury . . . arising out of the operation, maintenance or use of a motor vehicle which is accidental . . ." Ga. L. 1974, pp. 113, 114 (Code Ann. § 56-3402b (c)). " 'Operation, maintenance or use of a motor vehicle' means operation, maintenance or use of a motor vehicle *as a vehicle.* " (Emphasis supplied.) Ga. L. 1974, pp. 113, 114 (Code Ann. § 56-3402b (h)). The language in the insurance policy which described the coverage provided by Aetna generally tracked that of the statute as set forth here. The issue raised by this appeal is whether appellant's plum-picking activity amounted to such use of his pick-up truck as to bring his injury within the coverage of our no-fault statute.

" 'Case law indicates that the injury need not be the proximate result of "use" in the strict sense, but it cannot be extended to something distinctly remote. (Cit.) Each case turns on its precise individual facts. The question to be answered is whether the injury "originated from," "had its origin in," "grew out of," or "flowed from" the use of the [motor vehicle as a] vehicle.' " *Southeastern Fidelity Ins. Co. v. Stevens,* 142 Ga. App. 562, 564 (1) (236 SE2d 550) (1977). The injury in this case resulted neither "from an accident peculiar to the motor vehicle" nor "was intrinsically related to the vehicle itself" so as to make the injury "sufficiently connected to the use and operation of the vehicle to allow recovery under the act." *Jones v. Transamerica Ins. Co.,* 154 Ga. App. 408, 409 (1) (268 SE2d 444) (1980). Accord, *Ga. Farm Bureau Mut. Ins. Co. v. Nelson,* 153 Ga. App. 623 (266 SE2d 299) (1980); *Clinton v. National Indem. Co.,* 153 Ga. App. 491 (265

SE2d 841) (1980); *Hartford Accident & Indem. Co. v. Booker,* 140 Ga. App. 3 (230 SE2d 70) (1976).

"Where an insurance company seeks to invoke an exclusion contained in its policy, it has the burden of showing that the exclusion exists and the facts of the case come within it. [Cit.] [Aetna] has met its burden. The contract terms are unambiguous; the exclusion exists; the facts establish the exception; thus the trial court [properly] granted its motion for summary judgment." *Cotton States Mut. Ins. Co. v. American Mut. Liab. Ins. Co.,* 140 Ga. App. 657, 658 (3) (231 SE2d 553) (1976).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 20, 1981.

*William H. Hedrick,* for appellant.
*K. B. Hodges, Jr.,* for appellee.