## 61360. PAYNE v. SOUTHERN GUARANTY INSURANCE COMPANY.

POPE, Judge.

Southern Guaranty sought a declaratory judgment as to its liability under no-fault liability and provisions of a contract of insurance issued by it to Donald A. Riddle. The undisputed facts giving rise to the claim were that Riddle went deer hunting in a Chevrolet pickup truck insured by Southern Guaranty, accompanied by appellant Robert Lee Payne who at all times was seated in the passenger seat of the truck. Riddle, who was driving, spotted a deer, stopped the truck and got out to shoot the deer. Believing that he had hit the deer, Riddle got back in the truck cab and placed the rifle barrel down between the two seats. The rifle discharged and a bullet struck Payne in the left leg and right foot.

The insurance policy provisions in controversy recite as follows: *"Coverage A - Bodily Injury Liability . . .* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: A. bodily injury . . . sustained by any person . . . arising out of the ownership, maintenance or use of the owned automobile . . . 'use' of an automobile means the actual manual and physical driving of the automobile and includes the loading and unloading thereof . . .

"PERSONAL INJURY PROTECTION COVERAGE - The company will pay personal injury protection benefits for (a) medical expenses [and other named expenses] incurred with respect to *bodily injury* sustained by an eligible injured person and caused by an accident arising out of the operation, maintenance or use of a motor vehicle as a vehicle . . ."

Both parties made motions for judgment on the pleadings and the trial court found "that the injury was sustained by the passenger (Payne) as a result of and in the course of deer hunting activities and not from any active or passive activity or condition of the truck. For the deer hunting activity the function of the truck was to provide transportation, while the planned function of the gun was to kill the deer. The truck was at a stand-still when the gun fired; therefore, the truck could not in any way have proximately caused or contributed to the firing of the rifle; likewise it could be said that the rifle was in the

course of being used for deer hunting at the time that it was taken from the truck, was fired at the deer, and was being replaced in the truck." Southern Guaranty's motion on the pleadings was granted, denying coverage. We conclude that the trial court misconstrued the terms of the policy and, accordingly, reverse.

In *Southeastern Fidelity Ins. Co. v. Stevens,* 142 App. 562, 563 (236 SE2d 550) (1977), this court followed the majority rule as to construction of motor vehicle insurance policies "in holding that the term 'arising out of' does not mean proximate cause in the strict legal sense nor require a finding that the injury was directly and proximately caused by the use of the vehicle, nor that the insured vehicle was exerting any physical force upon the instrumentality which was the immediate cause of the injury. That almost any causal connection or relationship will do, see Travelers Ins. Co. v. Aetna Cas. & Sur. Co., 491 SW2d 363: 'Case law indicates that the injury need not be the proximate result of "use" in the strict sense, but it cannot be extended to something distinctly remote. [Cit.] Each case turns on its precise individual facts. The question to be answered is whether the injury "originated from," "had its origin in," "grew out of," or "flowed from" the use of the vehicle.' In that case a gun was accidentally discharged for unknown reasons while being loaded into the vehicle; the car was therefore being 'used' for this purpose, and from this use the accident originated. For other cases involving specifically the discharge of a firearm during the loading, unloading, or operation of a motor vehicle, see 89 ALR2d 150, Anno. We are satisfied that where a connection appears between the 'use' of the vehicle and the discharge of the firearm and resulting injury such as to render it more likely that the one grew out of the other, it comes within the coverage defined."

Travelers Ins. Co. v. Aetna Cas. & Sur. Co., supra, the Tennessee decision cited with approval in *Southeastern Fidelity,* is based upon remarkably similar facts. The Tennessee Supreme Court reasoned that when the insured driver "was loading his shotgun into the vehicle, he was making 'use' of the vehicle within the definition of that term as applied to automobile liability policies and, therefore, within the terms of Aetna's policy. The vehicle was being used to transport the young men and their weapons on a hunting trip. That use being proper, it was reasonable and natural they would be exposed to some danger as a result of that use. The requisite causal relationship is present, the vehicle being used as a receptacle for the gun and the injury 'flowing from' that use. In conclusion, it is well to note that the courts have been liberal in finding this 'but for' relationship and in allowing recovery against automobile carriers. That fact is due to the inherent ambiguity in the term 'arising out of

use'; therefore, the term is strictly construed against the party who drew the contract." 491 SW2d at 366.

The instant insurance policy by its own terms insures against damages resulting from "use" of the pickup truck, and "use" is further defined as including "loading and unloading" of the insured vehicle. Therefore, the trial court erred in determining that the policy issued by Southern Guaranty afforded no coverage for Payne's injuries. Accord, *Leverette v. Aetna Cas. &c. Co.,* 157 Ga. App. 175 (276 SE2d 859) (1981). It follows that Southern Guaranty's motion for judgment on the pleadings was improperly granted and Payne's motion improperly denied.

*Judgment reversed with direction that judgment on the pleadings in favor of appellant be entered. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 25, 1981 —

*Lawrence C. Walker, Jr., Michael G. Gray,* for appellant.
*E. Bruce Benton, Wallace Miller III,* for appellee.