63279. WASHINGTON et al. v. HARTFORD ACCIDENT & INDEMNITY COMPANY.

BANKE, Judge.

Appellant Lyndon Baines Washington was shot by a fellow passenger in a school bus which was covered by a policy of automobile liability insurance issued by the appellee. The assailant had departed the bus in front of his home immediately prior to the shooting and had re-entered the bus with the pistol. Both the liability provisions of the insurance policy and the no-fault (personal injury protection) provisions restricted coverage to damages "resulting from the ownership, maintenance or use of a covered automobile."

The insurer paid Washington and his mother, also an appellant in this case $2,500 in no-fault benefits. Thereafter, the appellants filed suit against the driver of the bus and three school districts, seeking damages for their alleged negligence in permitting the shooting to occur. The insurer then filed this declaratory judgment action, seeking a declaration that the injury is not covered under the terms of the policy. The Washingtons appeal what amounts to a judgment on the pleadings in favor of the insurance company in the declaratory judgment action. *Held:*

1. The issue of whether a gunshot wound suffered in a motor vehicle which is covered by a liability insurance policy can be considered an injury "arising out of" or resulting from the use of that vehicle, so as to be covered by the policy, has been considered in numerous other cases. The general rule, as set forth in *Southeastern Fidelity Ins. Co. v. Stevens,* 142 Ga. App. 562, 564 (236 SE2d 550) (1977), is that "where a connection appears between the 'use' of the vehicle and the discharge of the firearm and resulting injury such as to render it more likely that the one grew out of the other, it comes within the coverage defined." In that case, the victim was fatally wounded when the vehicle in which he was riding turned off a smooth highway onto an unpaved road containing numerous ruts and potholes, and a pistol which he was holding accidentally discharged.

We held that under those circumstances, a sufficient connection could be drawn between the use of the vehicle and the discharge of the firearm to hold the insurance company liable. In the recent case of *Payne v. Sou. Guaranty Ins. Co.,* 159 Ga. App. 67 (282 SE2d 711) (1981), we held that a sufficient connection existed where the occupants of the vehicle were on a hunting expedition and one of them was hit by an accidental shotgun discharge. Accord Travelers Ins. Co. v. Aetna Cas. & Sur. Co., 491 SW2d 363 (Tenn. 1973).

In the case before us now, however, the injury bears no apparent relation to the operation of the vehicle or the use to which it was being put. Instead, it resulted from a deliberate assault which took place in the vehicle simply because that is where the victim happened to be when the assailant came "gunning" for him. Under these circumstances, we can discern no causal connection or relationship between the use of the vehicle and the injury, and we must accordingly conclude that the injury is not covered by the policy. Accord Nationwide Mut. Ins. Co. v. Knight, 34 N.C. App. 96 (237 SE2d 341) (1977); American Liberty Ins. Co. v. Soules, 288 Ala. 163 (258 S2d 872) (1972). See generally Anno., 89 ALR2d 150, § 4.

2. The fact that the appellee paid no-fault benefits to the appellants does not prevent it from denying coverage under the liability provisions of the policy. "Neither waiver nor estoppel can be used to create a liability not created by the contract and never assumed by the insurer under the terms of the policy." *Quillian v. Equitable Life &c.,* 61 Ga. App. 138 (3) (6 SE2d 108) (1939). See also *Allstate Ins. Co. v. Walker,* 114 Ga. App. 732 (1) (152 SE2d 895) (1966).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 26, 1982.

*William S. Stone,* for appellant.
*Jesse W. Walters, Willis DuVall,* for appellee.