67709. BENNETT et al. v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA.

BENHAM, Judge.

Appellants (husband and wife) were injured when, while they were seated in their moving automobile, a third party intentionally

discharged a firearm at them from without the car. Appellee insurance company had issued an automobile insurance policy to appellant David Bennett, providing for payment of personal injury protection (PIP) benefits accruing due to injuries "caused by an accident arising out of the operation, maintenance or use of a motor vehicle as a vehicle." See also OCGA § 33-34-7 (a) (1). When appellee denied coverage for the injuries suffered, appellants brought suit, seeking PIP benefits and the statutory penalties for bad faith refusal to pay. OCGA § 33-34-6 (b) and (c). This appeal follows the trial court's grant of summary judgment to appellee on the ground that the injuries sustained did not arise out of the operation, maintenance or use of the insured motor vehicle.

In cases where the question is whether a gunshot wound sustained in an insured motor vehicle can be considered an injury arising out of or resulting from the use of the vehicle, the general rule applicable "as set forth in *Southeastern Fidelity Ins. Co. v. Stevens*, 142 Ga. App. 562, 564 (236 SE2d 550) (1977), is that 'where a connection appears between the "use" of the vehicle and the discharge of the firearm and resulting injury such as to render it more likely that the one grew out of the other, it comes within the coverage defined.' . . . In the case before us now, however, the [injuries bear] no apparent relation to the operation of the vehicle or the use to which it was being put. Instead, it resulted from a deliberate assault which took place in the vehicle simply because that is where the [victims] happened to be when the assailant came 'gunning' for [them]. Under these circumstances, we can discern no causal connection or relationship between the use of the vehicle and the injury, and we must accordingly conclude that the [injuries are] not covered by the policy. [Cits.]" *Washington v. Hartford Accident &c. Co.*, 161 Ga. App. 431 (1) (288 SE2d 343) (1982). See also *Ga. Farm &c. Ins. Co. v. Burnett*, 167 Ga. App. 480 (1) (306 SE2d 734) (1983). "The [injuries] in this case resulted neither 'from an accident peculiar to the motor vehicle' nor '[were] intrinsically related to the vehicle itself' so as to make the injury 'sufficiently connected to the use and operation of the vehicle to allow recovery under the act.' [Cits.]" *Leverette v. Aetna Cas. &c. Co.*, 157 Ga. App. 175, 176 (276 SE2d 859) (1981).

Appellant, citing *Franklin v. Southern Guaranty Ins. Co.*, 160 Ga. App. 279 (287 SE2d 274) (1981), asserts that "but for" appellants' operation and use of the vehicle "they would not have been in the place where shot and therefore the resulting injury grew out of the *use* of the insured vehicle by appellants." This is a misinterpretation of the "but for" test used in *Franklin* and the case upon which it relied, *Payne v. Southern Guaranty Ins. Co.*, 159 Ga. App. 67 (282 SE2d 711) (1981). There must be more of a connection between the use of the vehicle and the discharge of the firearm and the resulting

injury than mere presence in the vehicle when the injury was sustained. In *Payne*, "use" of the vehicle was further defined by the insurance policy to include "loading and unloading" the insured vehicle. Payne was injured when a firearm his companion was loading into the vehicle discharged. The court concluded that since the vehicle was properly being used as a gun receptacle and the injury arose from that use, the injury suffered was covered. Thus, more than mere presence in the insured vehicle was the basis for coverage.

Similarly, in *Franklin*, this court held that the plaintiff would be entitled to benefits if her decedent driver's heart attack had been caused by the operation, maintenance or use of the insured vehicle. The mere fact that the injury (death) was the result of a heart attack and not the trauma sustained in the subsequent collision did not preclude coverage. This court concluded that if the operation, maintenance or use of the vehicle had caused the fatal heart attack, the injury was covered. However, merely sustaining an injury while in an insured vehicle was not a sufficient causal connection to allow recovery under the insurance policy.

Inasmuch as the injuries suffered by appellants in the case at bar did not arise out of the operation, maintenance or use of the motor vehicle, the trial court correctly granted summary judgment to appellee.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 19, 1984 —
REHEARING DENIED MAY 7, 1984 — 

*Weston D. Baxter,* for appellants.
*Stephen L. Goldner,* for appellee.