## 70498. WEEKS v. AUTO-OWNERS INSURANCE COMPANY.
### (334 SE2d 325)

DEEN, Presiding Judge.

During the late evening hours of May 3, 1982, Joe Norman appeared at the house of the appellant, Kimberly Weeks, and requested that she and her husband accompany him to help find another friend who could arrange the purchase of a small amount of marijuana. They got into Norman's truck and proceeded to pick up Clarence Trimble, who directed them to the Blue Room bar. Norman parked the vehicle outside the bar, and Trimble exited the truck and approached Eddie Howard. Trimble and Howard soon began to argue, and Howard pulled out a pistol and fired at Trimble. As Trimble ran around the front of Norman's truck, in which the appellant remained seated, Howard fired a second shot which entered the truck and struck the appellant in the head.

The appellant subsequently commenced this action against the appellee, Auto-Owners Insurance Company, as Norman's automobile insurer, seeking to recover medical expenses and loss of wages under the provisions of Norman's insurance policy. The trial court eventually granted summary judgment for the appellee on the basis that the appellant's injury did not originate or flow from the use of the insured's vehicle, and this appeal followed. *Held*:

"The issue of whether a gunshot wound suffered in a motor vehicle which is covered by a liability insurance policy can be considered an injury 'arising out of' or resulting from the use of that vehicle, so as to be covered by the policy, has been considered in numerous other cases. The general rule, as set forth in *Southeastern Fidelity Ins. Co. v. Stevens*, 142 Ga. App. 562, 564 (236 SE2d 550) (1977), is that 'where a connection appears between the "use" of the vehicle and the discharge of the firearm and resulting injury such as to render it more likely that the one grew out of the other, it comes within the coverage defined.' " *Washington v. Hartford Accident & Indem. Co.*, 161 Ga. App. 431 (288 SE2d 343) (1982); *Bennett v. Nat. Union Fire Ins. Co.*, 170 Ga. App. 829, 830 (318 SE2d 670) (1984). "There must be more of a connection between the use of the vehicle and the discharge of the firearm and the resulting injury than mere presence in the vehicle when the injury was sustained." *Bennett v. Nat. Union Fire Ins. Co.*, supra at 830-31.

In both *Bennett* and *Washington*, the injured plaintiffs, while seated in a motor vehicle, were intentionally shot by another party. In each case, this court found that the injury bore no apparent relation to the operation or use of the motor vehicle. The only distinguishing factor between *Bennett* and *Washington* and the instant case is that the former two cases involved intentional injuries, compared to the "accidental" injury to the appellant here when she was struck by a

bullet fired at another person. This difference, however, does not avoid the fact that the appellant's injury simply had no causal connection with the use of the insured's vehicle in this case. Accordingly, the trial court properly granted summary judgment for the appellee insurer.

*Judgment affirmed. Pope and Beasley, JJ., concur. Pope and Beasley, JJ., also concur specially.*

BEASLEY, Judge, concurring specially.

I agree but for an additional reason. Here the vehicle was being used by appellant and others to transport them to a place for the purchase of marijuana and to await the consummation of such a transaction. Its use, therefore, was for a criminal purpose. I do not believe the contracting parties agreed that the insurance would cover an injury arising out of an illegal use of the vehicle. Such an agreement, even if it were not contrary to public policy, would tend to implicate one or both parties in any subsequent criminal activity in which the vehicle was involved. Consequently, even if it can be said that the injury here "arose out of" the use of the vehicle, this particular use would not be a covered one at least with respect to a party engaged in the criminal conduct and injured in the course of it.

I am authorized to state that Judge Pope joins in this special concurrence.

DECIDED SEPTEMBER 3, 1985.

Lester M. Castellow, for appellant.
William E. Cannon, Jr., for appellee.