## 71708. DAVIS et al. v. CRITERION INSURANCE COMPANY.
(345 SE2d 913)

CARLEY, Judge.

Appellants' deceased was the victim of a brutal murder. The

murderer was a paying passenger on a bus that the victim operated in her employment with the Metropolitan Atlanta Rapid Transit Authority (MARTA). The passenger first forced the victim to deviate from her route and park the bus in a church parking lot. Then, while still in the bus, the passenger went on a criminal rampage which culminated in the victim's murder. Appellants are the husband and child of the victim. As a result of her death, they received basic no-fault benefits from MARTA, the owner of the bus in which the victim was killed. Appellants then brought the instant suit against appellee, the insurer of the victim's personal automobile. They sought to recover additional no-fault benefits pursuant to the optional coverage provisions of the victim's policy. See *Baron v. State Farm Mut. Auto. Ins. Co.*, 157 Ga. App. 16 (276 SE2d 78) (1981). The parties stipulated to the undisputed facts in connection with their cross-motions for summary judgment, and further agreed that the existence of no-fault coverage was dependent upon resolution of only one issue, to wit: Whether or not the attack and slaying arose "out of the operation, maintenance or use of a motor vehicle." The trial court denied appellants' motion for summary judgment and granted that of appellee. Appellants appeal from the trial court's ruling on the motions for summary judgment.

Appellee is obligated under the policy to pay no-fault benefits "without regard to fault for economic loss resulting from . . . accidental bodily injury sustained . . . by the insured . . . while occupying any vehicle. . . ." OCGA § 33-34-7 (a) (1). OCGA § 33-34-2 (1) defines "[a]ccidental bodily injury" as "bodily injury, . . . including death . . . arising out of the operation, maintenance, or use of a motor vehicle which is accidental as to the person claiming . . . no fault benefits." " 'Operation, maintenance, or use of a motor vehicle' means operation, maintenance, or use of a motor vehicle as a vehicle." OCGA § 33-34-2 (9).

In order for an injury to arise out of the "operation, maintenance, or use of a motor vehicle," there must be such a causal connection "as to render it more likely" that the injury "grew out" of the operation, maintenance, or use of the vehicle. *Southeastern Fidelity Ins. Co. v. Stevens*, 142 Ga. App. 562, 563-564 (1) (236 SE2d 550) (1977). Likewise, the connection must not be merely fortuitous. *Weeks v. Auto-Owners Ins. Co.*, 175 Ga. App. 725 (334 SE2d 325) (1985). "There must be more of a connection between the use of the vehicle . . . and the resulting injury than mere presence in the vehicle when the injury was sustained." *Bennett v. Nat. Union Fire Ins. Co.*, 170 Ga. App. 829, 830-831 (318 SE2d 670) (1984).

In *Washington v. Hartford Accident &c. Co.*, 161 Ga. App. 431 (288 SE2d 343) (1982) and in *Hicks v. Walker County School Dist.*, 172 Ga. App. 428 (323 SE2d 231) (1984), we held that an injury re-

sulting from an intentional assault upon a bus *passenger* did not arise out of the operation, maintenance or use of the bus. In the instant case, there is a relationship between the victim's *occupation* as a bus driver and her ultimate death. However, the issue for resolution is not whether the death arose out of and in the course of the victim's employment so as to entitle appellants to workers' compensation benefits. That a relationship exists between the victim's employment and her death does not mean that her death necessarily arose out of the use of the bus for purposes of no-fault coverage. See *Kelley v. Integon Indem. Corp.*, 253 Ga. 269 (320 SE2d 526) (1984). Under the evidence of record, the death was not intrinsically related to the use or operation of the bus *itself*. See *Leverette v. Aetna Cas. &c. Co.*, 157 Ga. App. 175 (276 SE2d 859) (1981). The bus was merely the unfortunate location where a brutal criminal who happened to be a passenger on a bus and an innocent victim who happened to be the driver of that bus crossed paths. The bus was initially used to transport the criminal and his victim and, thereafter, it was the ultimate site of the fatal stabbing. However, in each regard, the instant case is controlled adversely to appellants' entitlement to no-fault benefits by the legal principles expressed in *Rustin v. State Farm Mut. Auto. Ins. Co.*, 254 Ga. 494 (330 SE2d 356) (1985) and *Bennett*, supra. "[I]t cannot be said that in entering into the insurance contract the parties contemplated that the policy would cover damages for wrongful death where the insured[, in the course of her] employ[ment,] [is forced to use her employer's vehicle] for the purpose of driving to a location[, where she is then stabbed.]" *Rustin v. State Farm Mut. Auto. Ins. Co.*, supra at 495. The trial court was correct in denying appellants' motion for summary judgment and in granting summary judgment in favor of appellee. To hold otherwise would authorize a recovery of no-fault benefits under the provisions of a policy covering the personal automobile of a bus driver when, under similar circumstances a passenger on the bus could not recover under the same provisions of his policy. Cf. *Washington v. Hartford Accident &c. Co.*, supra; *Hicks v. Walker County School Dist.*, supra.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 29, 1986.

*Jack O. Morse*, for appellants.
*Arthur H. Glaser*, for appellee.