72678. WESTBERRY v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.
(347 SE2d 688)

BIRDSONG, Presiding Judge.

Plaintiff below, Willie Mae Westberry, appeals from the grant of summary judgment to the defendant, State Farm Mutual Automobile Insurance Company. Both parties joined in a statement of uncontroverted material facts which showed that Robert Westberry, plaintiff's husband, was insured under a policy of automobile insurance by State Farm and the policy was in effect on December 20, 1980, when Robert Westberry, who was employed as a taxi driver, was shot and killed with a handgun during an armed robbery of his person while he was seated in the front seat of his taxi in a parking lot in DeKalb County. Plaintiff, as the wife of the deceased insured, filed for no-fault benefits in the maximum amount covered by policy — $50,000. State Farm denied the claim and plaintiff filed this action. Both parties filed motions for summary judgment, alleging "there exists no genuine issue as to any material fact. . . ." The trial court granted defendant's motion, and plaintiff brings this appeal. *Held*:

1. The insurance policy provided that State Farm would pay no-fault benefits "for bodily injury to an insured, caused by accident resulting from the maintenance or use of a motor vehicle as a vehicle. . . ." The Code also provides that an insurer will pay no-fault benefits for "[a]ccidental bodily injury sustained . . . by the insured . . . ." (OCGA § 33-34-7 (a) (1)), and defines "accidental bodily injury" as an injury "arising out of the operation, maintenance, or use of a motor vehicle which is accidental as to the person claiming basic no-fault benefits." OCGA § 33-34-2 (1). Therefore, for benefits to be payable under this policy, the insured's injury must be both "accidental" and "aris[e] out of the operation, maintenance, or use of a motor ve-

hicle." Id.; *Leverette v. Aetna Cas. &c. Co.*, 157 Ga. App. 175, 176 (276 SE2d 859).

In cases in which an issue is presented as to whether a gunshot wound sustained by an insured in a motor vehicle can be considered an injury arising out of the use of the vehicle, the general rule is set forth in *Southeastern Fidelity Ins. Co. v. Stevens*, 142 Ga. App. 562, 564 (236 SE2d 550), that "where a connection appears between the 'use' of the vehicle and the discharge of the firearm and resulting injury such as to render it more likely that the one grew out of the other, it comes within the coverage defined."

This court considered the same issue in *Bennett v. Nat. Union Fire &c. Ins. Co.*, 170 Ga. App. 829 (318 SE2d 670), in which the insured and his wife were seated in their moving automobile and a third party intentionally shot at them from outside the car. We affirmed summary judgment for the insurer, holding that to reach a finding that the injury arose out of the "operation, maintenance or use of the motor vehicle . . . [t]here must be more of a connection between the use of the vehicle and the discharge of the firearm and the resulting injury than mere presence in the vehicle when the injury was sustained." Id. at pp. 830-831.

In a similar case, *Washington v. Hartford Accident &c. Co.*, 161 Ga. App. 431 (1) (288 SE2d 343), where a passenger on a school bus assaulted the insured with a pistol, we found "the injury bears no apparent relation to the operation of the vehicle or the use to which it was being put. Instead, it resulted from a deliberate assault which took place in the vehicle simply because that is where the victim happened to be when the assailant came 'gunning' for him. Under these circumstances, we can discern no causal connection or relationship between the use of the vehicle and the injury, and we must accordingly conclude that the injury is not covered by the policy."

The question is not whether the insured's injury had some remote connection to the use of the automobile, for clearly the evidence showed the driver was robbed, and in all probability he was robbed for the purpose of taking the amount of money he had accumulated from the use of his vehicle as a taxi. "The question to be answered is whether the injury 'originated from,' had its origin in, 'grew out of,' or 'flowed from' the use of the [motor vehicle as a] vehicle." *Franklin v. Southern Guaranty Ins. Co.*, 160 Ga. App. 279, 281 (287 SE2d 274). Appellant cites *Franklin*, supra, as authority for his argument that "but for" the insured's use of his vehicle as a taxi he would not have been in a position to be robbed and incur the resultant injury. We addressed this type argument in *Bennett*, supra, and concluded this was a faulty application of the "but for" test as the facts of the instant case show only an incidental connection between the taxi and the robbery and was not an injury that "arose out of" the use of the

taxi as a vehicle for there "must be more of a connection between the use of the vehicle and the discharge of the firearm . . . than mere presence in the vehicle. . . ." *Bennett*, supra at 830-831. "Case law indicates that the injury need not be the proximate result of 'use' in the strict sense, but it cannot be extended to something . . . remote." *Payne v. Southern Guaranty Ins. Co.*, 159 Ga. App. 67, 68 (282 SE2d 711). Thus, to answer the question raised, e.g., did the injury "originate from," have "its origin in," or grow out of or flow from the use of the taxi "as a vehicle," the answer must be "no." *Payne*, supra. Here, as in *Weeks v. Auto-Owners Ins. Co.*, 175 Ga. App. 725, 726 (334 SE2d 325), we find "appellant's injury simply had no causal connection with the use of the insured's vehicle in this case." See *Hicks v. Walker County School Dist.*, 172 Ga. App. 428 (1) (323 SE2d 231).

2. Because we have found the injury did not arise out of the use of the vehicle, we need not reach the claim that the injury was accidental.

3. Both parties moved for summary judgment on an agreed statement of facts, and plaintiff advised the trial court "there exists no genuine issue as to any material fact. . . ." On appeal, plaintiff will not now be heard to assert "[t]he trial court erred in failing to find a genuine issue of material fact as to preclude the grant of summary judgment. . . ." *Management Search v. Avon Prods.*, 166 Ga. App. 262, 263 (304 SE2d 426).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED JULY 8, 1986.

*John W. Jonap, Mark E. Laying*, for appellant.
*Gary M. Cooper*, for appellee.