STATE FARM AUTOMOBILE
INSURANCE COMPANY,
Petitioner–Appellee,

v.

CUNG LA, Respondent–Appellant.

No. 90CA0105.

Colorado Court of Appeals,
Div. IV.

March 28, 1991.

Rehearing Denied May 16, 1991.

Certiorari Granted Oct. 21, 1991.

Hall & Evans, Alan Epstein, Denver, for
petitioner-appellee.

Fogel, Keating and Wagner, P.C., Alan
Shafner, Charles R. Free, Denver, for re-
spondent-appellant.

Opinion by Judge DAVIDSON.

Respondent, Cung La, was shot while
driving his father's car which was covered
by an automobile insurance policy issued
by plaintiff, State Farm Automobile Insur-
ance Company. The no-fault provision of
the insurance policy restricted coverage to
damages "resulting from the use or opera-
tion of a motor vehicle as a motor vehicle"
and, similarly, the uninsured motorist pro-
vision restricted coverage to damages
"arising out of the operation, maintenance,
or use of an uninsured motor vehicle." Re-
spondent appeals from the summary judg-
ment declaring that the insurance policy

did not provide coverage for the injury he sustained. We affirm.

A week prior to the shooting, respondent and his friends were involved in an altercation with a gang. The fight started in a parking lot, and the gang members, among other things, threw rocks at respondent's father's car. The dispute moved to inside a restaurant, but respondent remained outside to protect the car.

One week later, as respondent was driving on an interstate highway, three cars pulled near him and the assailant, a passenger in one of the cars, pulled out a gun and shot him. The assailant and the occupants of the assailant's car were members of the gang that had been involved in the fight the previous week.

Respondent testified in his deposition that he did not know the gang members. Police investigation revealed that although gang members had not specifically "targeted" respondent, the assailant and the other gang members were angry at all of respondent's group and were looking for an opportunity to shoot any one of them.

Respondent filed a claim against State Farm under the no-fault and uninsured motorist provisions of the policy for compensation for his gunshot injury. State Farm then instituted this declaratory judgment action, contending that this injury did not "arise out of the use or operation of a motor vehicle."

Based upon the facts set forth in the depositions of respondent and the investigating detective, State Farm moved for summary judgment, alleging that respondent's injury was not covered by the automobile insurance policy. The trial court found that there were no genuine issues of material fact concerning the issue of whether the injury arose from the use of a motor vehicle, and granted State Farm's motion.

On appeal, respondent contends that the trial court erred in its determination that an intentional shooting of the insured while driving his motor vehicle did not arise out of the use or operation of the motor vehicle under either the no-fault or uninsured motorist provisions.

## I.

As a threshold matter, we reject respondent's contention that summary judgment was premature because there were disputed issues of material fact. Our review of the record indicates that although the facts proffered by both parties are circumscribed, they are not in dispute.

However, insofar as there may be conflicting inferences which may be drawn from these facts, we agree that the nonmoving party is entitled to all favorable inferences which may be reasonably drawn from the evidence. *O'Herron v. State Farm Mutual Automobile Insurance Co.*, 156 Colo. 164, 397 P.2d 227 (1964). Accordingly, in determining whether the trial court appropriately entered summary judgment, we examine every fact and draw every inference in the light most favorable to respondent. *See Mt. Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231 (Colo.1984).

Also, preliminarily, we note that the No-Fault Act requires insurers to provide coverage for injuries "arising out of" the use of the vehicle, *see* § 10–4–706(a), C.R.S. (1987 Repl.Vol. 4A), but the no-fault provision of the policy at issue here refers to injuries "resulting from" the use of a motor vehicle. Respondent does not assert that the policy is not in compliance with the statute because of this difference in language, and both parties and the trial court have treated these phrases as synonymous. Furthermore, under the circumstances at issue here, we do not perceive any pertinent distinction between these two concepts and thus, will use the two terms interchangeably. *See Beeson v. State Automobile & Casualty Underwriters*, 32 Colo.App. 62, 508 P.2d 402 (1973), *aff'd sub nom. State Automobile & Casualty Underwriters v. Beeson*, 183 Colo. 284, 516 P.2d 623 (1973).

## II.

In order for an injury to "arise out of the use" of a vehicle, there must be a causal connection or relation between the

injury and the use of a motor vehicle. *State Automobile & Casualty Underwriters v. Beeson, supra.* To establish a causal connection, a claimant must show that the injury "would not have occurred but for a conceivable use of the vehicle that is not foreign to its inherent purpose." *Kohl v. Union Insurance Co.,* 731 P.2d 134 (Colo.1986). *See Titan Construction Co. v. Nolf,* 183 Colo. 188, 515 P.2d 1123 (1973); *Trinity Universal Insurance Co. v. Hall,* 690 P.2d 227 (Colo.1984). Also, "it is sufficient [if] the claimants demonstrate that the injury "originated in," "grew out of," or "flowed from" a use of a vehicle." *Kohl v. Union Insurance Co., supra.*

■ However, injuries occurring fortuitously in a motor vehicle do not "arise from" its use. *Mason v. Celina Mutual Insurance Co.,* 161 Colo. 442, 423 P.2d 24 (1967) (although insured was sitting in his car when pistol accidentally discharged, injury did not originate from "use of the vehicle as such"); *Azar v. Employers Casualty Co.,* 178 Colo. 58, 495 P.2d 554 (1972) (the fact that insured injured by accidental discharge of firearm and tortfeasor were sitting in car when accident occurred did not establish causal connection inasmuch as vehicle did not contribute to or cause the accident). "[There] is a distinction between injuries that are related to the use of an automobile, and injuries that are related to an automobile only because they coincidentally occurred in the vehicle." *Kohl v. Union Insurance Co., supra.*

■ Further, to be within the coverage afforded by automobile insurance, the accident must occur under circumstances which could be reasonably contemplated by the parties when they entered into the agreement. *Mason v. Celina Mutual Insurance Co., supra.*

A.

■ Respondent first contends that the trial court erred in determining that his injury was not covered by the no-fault provision of the automobile policy. We disagree.

Here, respondent is requesting coverage only for the gunshot injury. He has made no claim that he incurred any other injuries pursuant to this incident. Therefore, because it is undisputed that the insured's motor vehicle was being driven on the highway for the purpose of transportation, the issue we must address is whether his gunshot injury "originated in" or "grew out of" this inherent use of the vehicle. *See Kohl v. Union Insurance Co., supra.*

The reasoning set forth in *Beeson v. State Automobile & Casualty Underwriters, supra,* is instructive. In that case, a child seated in her parent's car was accidentally injured by car keys thrown from a third-floor window. The keys went through an open car window and struck the child in the eye. Interpreting policy language effectively identical to that at issue here, our court found that there was not a sufficient connection between the injury and the car to provide coverage, stating:

"Certainly, the throwing of the keys to the truck was not within the contemplation of the parties when they entered into their insurance agreement. It is in no way connected with the inherent nature of the vehicle, and thus, damages resulting therefrom are not insured...."

Similarly, here there is no causal connection between the fact that respondent was in the car and the fact that he was shot. Although respondent was driving the car at the time he was injured, the use of the car itself was merely incidental to his injury. The car did not cause respondent's gunshot injury, the gun did. Therefore, it cannot be said that respondent's injury "originated in" or "grew out" of the use of the vehicle. *See Azar v. Employers Casualty Co., supra.*

Respondent argues, however, that the car was more than incidental to the shooting because his assailant could not have identified him or his friends "but for" the fact that he was using his vehicle. We disagree.

Even assuming that the assailant was able to locate respondent only because he recognized his car, we conclude that the "use" of a car by an assailant as a means to locate or identify his victim is not an

inherent use of a vehicle, nor would such a "use" reasonably be contemplated by the parties to the insurance contract. *See Beeson v. State Automobile & Casualty Underwriters, supra* ("[T]here is nothing inherent in [the child's] use of the vehicle that would bring such an event within the contemplation of the parties to the [insurance] contract"). *But see Tuerk v. Allstate Insurance Co.*, 469 So.2d 815 (Fla. Dist.Ct.App.1985) (PIP coverage found where insured shot by gunman searching for a particular vehicle).

Moreover, although the determination of whether injuries are caused by an accident "arising out of" the use of a vehicle must be made on an *ad hoc* basis, *see Titan Construction Co. v. Nolf, supra,* upon reviewing other decisions where coverage has been denied because the relationship between the injury and the use of the vehicle was found to be too attenuated, *see Beeson v. State Automobile & Casualty Underwriters, supra* (keys); *Azar v. Employers Casualty Co., supra* (firearm); *Mason v. Celina Mutual Insurance Co., supra* (firearm), we are persuaded that coverage must also be denied here. *See Washington v. Hartford Accident & Indemnity Co.*, 161 Ga.App. 431, 288 S.E.2d 343 (1982) (injuries from a deliberate shooting in school bus did not arise from the "use" of a motor vehicle). *Accord Davis v. Criterion Insurance Co.*, 179 Ga.App. 235, 345 S.E.2d 913 (1986); *General Accident Fire & Life Assurance Corp. v. Appleton*, 355 So.2d 1261 (Fla.Dist.Ct.App.1978) ("[The] risks of bodily injury from a criminal assault are not normally contemplated by the parties to an automobile liability insurance policy."); *Florida Farm Bureau Insurance Co. v. Shaffer*, 391 So.2d 216 (Fla.Dist.Ct.App.1980) (injury due to gunshot fired by assailant in passing vehicle not contemplated by the parties).

### B.

For similar reasons, we also reject respondent's contention that his damages are compensable as an injury arising from the use of his assailant's uninsured motor vehicle.

The use of the assailant's vehicle merely as the place from where he shoots his victim is not a use "foreseeably identifiable with the normal use of a vehicle as such." *See Wausau Underwriters Insurance Co. v. Howser*, 727 F.Supp. 999 (D.S.C.1990). "The fact that the [assailant] was occupying the car at the time of the shooting was no more than incidental.... The injury was not caused by the automobile but by the gunshot. From the standpoint of causation, the injury could have occurred in the woods, in a house or anywhere else." *Florida Farm Bureau Insurance Co. v. Shaffer, supra. See Coleman v. Sanford*, 521 So.2d 876 (Miss.1988) (shooting of insured from uninsured's motor vehicle was a "voluntary, deliberate act which renders a vehicle's use incidental").

Here, the undisputed facts and the reasonable inferences therefrom indicate that the vehicle merely brought the assailant to the scene and provided the assailant with a place from which to shoot. Thus, "it cannot reasonably be said that the discharge of the weapon in this case originated from, grew out of or flowed from the use of the vehicle. Rather, the injury originated from, grew out of or flowed from the use of the firearm." *Azar v. Employers Casualty Co., supra.* Accordingly, the trial court correctly concluded that the uninsured motorist provision of respondent's policy also does not provide coverage since the injury was not caused by the auto, but by the gunshot. *See Kohl v. Union Insurance Co., supra.*

Therefore, the trial court did not err in granting petitioner's motion for summary judgment, and accordingly, the judgment is affirmed.

METZGER and ROTHENBERG, JJ., concur.