A91A1410. KING v. ST. PAUL FIRE & CASUALTY COMPANY.
(412 SE2d 614)

Judge Arnold Shulman.

The appellant's husband was shot and killed by robbers in the parking lot of a laundry and dry cleaning establishment which he operated, as he was attempting to enter his van with a money bag containing the day's receipts from the business. The appellee insurer had issued a policy of motor vehicle accident insurance to the appellant and her husband which provided $50,000 in no-fault, or personal injury protection, coverage. The appellant filed the present action seeking to recover these benefits, as well as to recover a bad-faith penalty, attorney fees and punitive damages based on the appellee's refusal to pay the claim. The case is before us on appeal from an order granting summary judgment to the appellee-insurer.

Under OCGA § 33-34-7 (a) (1) as it existed at the time of the accident, personal injury protection benefits were required to be paid to an insured "without regard to fault for economic loss resulting from: (1) Accidental bodily injury sustained . . . by the insured . . . while occupying any motor vehicle. . . ." Ga. L. 1974, pp. 113, 120, § 7 (repealed by Ga. L. 1991, pp. 1608, 1621, § 1.12, effective October 1, 1991). The term "occupying" was defined by former OCGA § 33-34-2 (8) as meaning "to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle." For the purposes of this appeal, there is no question that the decedent was engaged in the immediate act of entering his van at the time he was killed.

The term, "accidental bodily injury," was defined by former OCGA § 33-34-2 (1) as "bodily injury arising out of the operation, maintenance, or use of a motor vehicle which is accidental as to the

person claiming basic no-fault benefits. . . ." This court has held that "almost any causal connection or relationship will do" to establish that an injury arose out of the operation, maintenance or use of a motor vehicle within the contemplation of this statute. *Southeastern Fidelity Ins. Co. v. Stevens*, 142 Ga. App. 562, 563-564 (236 SE2d 550) (1977). However, we have also held that a no-fault insurer is not required to pay benefits for injuries sustained by an insured in a criminal assault merely because the assault occurred while the insured was occupying a motor vehicle. See *First Financial Ins. Co. v. Rainey*, 195 Ga. App. 655, 657 (394 SE2d 774) (1990), and cases cited therein. With specific reference to shootings, we have held that "[t]here must be more of a connection between the use of the vehicle and the discharge of the firearm and the resulting injury than mere presence in the vehicle when the injury was sustained." *Bennett v. Nat. Union Fire Ins. Co.*, 170 Ga. App. 829, 830-831 (318 SE2d 670) (1984).

In *Westberry v. State Farm &c. Ins. Co.*, 179 Ga. App. 700 (347 SE2d 688) (1986), this court held that no-fault benefits were not payable for the death of a taxi driver who was shot and killed by a robber while seated in the front seat of his taxi, even though "in all probability [the driver] was robbed for the purpose of taking the amount of money he had accumulated from the use of his vehicle as a taxi." Id. at 701. Similarly, in *Davis v. Criterion Ins. Co.*, 179 Ga. App. 235 (345 SE2d 913) (1986), we held that no-fault benefits were not payable for the death of a bus driver who was shot and killed by a disturbed passenger who had commandeered the vehicle. There obviously was more of a connection between the vehicles and the shootings in those two cases than in the present case. Accordingly, the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

Decided November 18, 1991.

*Dailey & Groover, Lewis M. Groover, Jr.*, for appellant.
*Tittsworth & Grabbe, Michael W. Tittsworth*, for appellee.