68596. HICKS et al. v. WALKER COUNTY SCHOOL
DISTRICT et al.
(323 SE2d 231)

SOGNIER, Judge.

John and Pat Hicks, individually, and Dana Hicks, by next friend John Hicks, sued the Walker County Board of Education, the Walker County School District and Mary Jones in negligence for damages arising out of an alleged assault upon Dana by other school children while riding on a Walker County school bus driven by Mary Jones. The Board filed a motion to dismiss on the basis that it was not liable to suit; the School District and Jones moved for summary judgment on their defense of sovereign immunity. The parties agreed to continue the case until the Hicks obtained judgment in a declaratory judgment suit brought against the above-named defendants and Cotton States Mutual Insurance Company to determine the extent of the coverage under the policy issued by Cotton States to the Walker County Department of Education. In the initial suit, the trial court granted the Board's motion to dismiss and the School District's and Jones' motions for summary judgment. Two weeks later, the trial court granted Cotton States' motion for judgment on the pleadings and denied the Hicks' motion for summary judgment in the declaratory judgment action. The cases were consolidated upon the Hicks' appeal to this court.

1. Appellants contend the trial court erred by granting summary judgment to appellee School District in that a genuine issue of material fact remains as to the defense of sovereign immunity. OCGA § 33-24-51 (b) provides for waiver of governmental immunity to the extent of the amount of motor vehicle liability insurance purchased by a political subdivision pursuant to OCGA § 33-24-51 (a). However, governmental immunity is not waived when the injury sued upon is not covered by the policy. *Cobb County v. Hunt*, 166 Ga. App. 409, 410 (304 SE2d 403) (1983).

The policy issued to appellee School District by Cotton States provided: "We will pay all sums the Insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto." The question whether an injury 'originated from,' 'had its origin in,' 'grew out of,' or 'flowed from' the use of the vehicle is determined by looking at the facts of each case. *Turner Transp. Co. v. Warner*, 168 Ga. App. 358, 359 (308 SE2d 845) (1983). In the instant case the motor vehicle, a school bus, was

being used to transport handicapped children to and from their homes and the Walker County Center for Exceptional Children. It is alleged that appellant Dana Hicks was injured when two fellow passengers ganged up and attacked Dana while they were riding in the school bus, kicking and beating her for the entire length of the forty-minute bus ride.

In *Washington v. Hartford &c. Co.*, 161 Ga. App. 431, 432 (288 SE2d 343) (1982), involving a similar intentional attack upon a student on a school bus, we held that "the injury bears no apparent relation to the operation of the vehicle or the use to which it was being put. Instead, it resulted from a deliberate assault which took place in the vehicle simply because that is where the victim happened to be when the assailant came 'gunning' for him. Under these circumstances, we can discern no causal connection or relationship between the use of the vehicle and the injury, and we must accordingly conclude that the injury is not covered by the policy." See also *Ga. Farm &c. Ins. Co. v. Burnett*, 167 Ga. App. 480, 481 (1) (306 SE2d 734) (1983). Regardless of the length of the alleged assault or the method by which the assault was effectuated, we see no causal connection between the injury deliberately inflicted on Dana by the other school children and the use of the school bus as contemplated by the parties to the insurance policy. Therefore, since appellants' injury is not covered by the policy appellee School District's governmental immunity has not been waived, *Cobb County*, supra, the trial court did not err by granting appellee School District's motion for summary judgment.

2. The trial court did not err by granting appellee School Board's motion to dismiss on the basis that it is not liable to suit because a school board is not such a political subdivision under OCGA § 33-24-51 that it can be sued. *Ray v. Cobb County Bd. of Education*, 110 Ga. App. 258, 259 (2) (138 SE2d 392) (1964); *Foster v. Cobb County Bd. of Education*, 133 Ga. App. 768, 769 (213 SE2d 38) (1975).

3. Appellants contend the trial court erred by granting appellee Jones' motion for summary judgment. In their pleadings, appellants alleged that appellee Jones was acting "within the scope of her employment" when she was operating the school bus and no evidence was presented to controvert appellee Jones' affidavit testimony that she was acting within her official capacity at the time of the alleged assault. Thus, appellee Jones was sued in her official capacity as a school bus driver and is entitled to governmental immunity unless she has acted wilfully, maliciously, unfaithfully or in bad faith. *Partain v. Maddox*, 131 Ga. App. 778, 781 (206 SE2d 618) (1974). Although appellants alleged that appellee Jones acted with "conscious indifference," there was no allegation of wilful or malicious behavior nor was there any evidence presented to controvert appellee Jones' affidavit testimony that "any and all acts performed by me were done without

wilfulness, malice or corruption" on the date in issue and that "Dana Hicks did not make any pleas to me for help and I did not witness Dana being struck, beaten, kicked, bitten or battered by anyone on the bus." Since no genuine issues of material fact remained as to appellee Jones' official capacity and no fact issues arose as to her lack of willful or malicious behavior, the trial court properly granted appellee Jones' motion for summary judgment.

4. The trial court granted the initial appellees' motions for summary judgment on the basis that they were immune from suit due to the lack of insurance coverage. See Division 1. The coverage matter thus having been adjudicated by a tribunal having jurisdiction of the parties and the subject matter, we therefore find no error in the trial court's subsequently issued orders in the declaratory judgment action granting appellee Cotton States' motion for judgment on the pleadings and denying appellants' motion for summary judgment since the controversy before the court was no longer an actual one and the matter was thus moot. OCGA § 9-4-2; see *Clarke v. City of Atlanta*, 231 Ga. 84 (200 SE2d 264) (1973).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 4, 1984 —
REHEARING DENIED OCTOBER 22, 1984 ▮▮▮▮▮▮▮▮▮▮

*Ross L. Hatcher III*, for appellants.
*Ronald R. Womack, Frank M. Gleason, John W. Davis, Jr.*, for appellees.