S98Q0351. PAYNE v. TWIGGS COUNTY SCHOOL DISTRICT et al.
(496 SE2d 690)

SEARS, Justice.

A question was certified to this Court by the United States Court of Appeals for the Eleventh Circuit regarding the interpretation of OCGA § 20-2-1090, which requires school boards to insure students against injuries sustained in school bus accidents. In answering the certified question, we interpret the language used both in the statute and in the insurance contract according to its plain and ordinary meaning, and conclude that § 20-2-1090 does not allow a direct action against a school bus insurer to recover damages for injuries sustained solely due to one student physically attacking another student while on a school bus.

On May 5, 1993, while riding a school bus home from school in Twiggs County, Payne was attacked with a knife by Smith, a fellow student, and badly cut on the face. Payne brought an action in the United States District Court for the Middle District of Georgia against the Twiggs County School District, Basley, Assistant Principal of the school, and Bowden, driver of the bus at the time of the incident. The complaint asserted a cause of action under 42 USC § 1983 and Georgia principles of negligence liability. Payne later amended her claim to include Selective Insurance Company ("Selective"), the Twiggs County School District's insurer. The School District, Basley and Bowden filed summary judgment motions, which were granted by the district court. Selective filed a separate motion to dismiss Payne's action, which was denied by the district court. The

court certified its order denying Selective's motion to dismiss for immediate review in accordance with 28 USC § 1292 (b), and the Eleventh Circuit Court of Appeals granted Selective's petition for permission to appeal. The Circuit Court then certified the following question for this Court's resolution:

> Whether OCGA § 20-2-1090, a statute requiring county school boards to purchase insurance for the purpose of insuring school children riding school buses to and from school against bodily injury resulting from an accident or collision in which such buses are involved, allows a direct action against a school bus insurer in a case where one student sustains an injury resulting from an attack by another student on the school bus. The insurance policy in question provides as follows: "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident and resulting from the ownership, maintenance or use of a covered auto.' "

1. OCGA § 20-2-1090 provides that:

> The various school boards of the counties, cities, and independent school systems employing school buses are authorized and required to cause policies of insurance to be issued insuring the school children riding therein to and from school against bodily injury or death at any time resulting from an accident or collision in which such buses are involved. The amount of such insurance shall be within the discretion of the respective boards.

In interpreting statutes, all words, other than words of art associated with a particular area of expertise, are given their ordinary and everyday meaning.[1] By its plain terms, OCGA § 20-2-1090 requires school boards to purchase insurance for the purpose of "insuring the school children riding [school buses] to and from school against bodily injury . . . resulting from an accident or collision in which such buses are involved." When a student riding on a school bus suffers an injury that is not proximately caused by an accident or collision in which the bus is involved, such as when the student is injured due to an attack made by a fellow student, OCGA § 20-2-1090 is inapplicable.[2] Accordingly, the school board was not required by

---

[1] OCGA § 1-3-1 (b); *Risser v. City of Thomasville*, 248 Ga. 866 (286 SE2d 727) (1982).
[2] *Rawls v. Bulloch County School Dist.*, 223 Ga. App. 234, 235 (477 SE2d 383) (1996)

the statute to insure against the type of injuries Payne sustained due to Smith's attack.

2. Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as they are not contrary to the law, and it may insure against certain risks while excluding others.[3] As is true with all contracts, unambiguous terms in an insurance policy require no construction, and their plain meaning will be given full effect, regardless of whether they might be of benefit to the insurer, or be of detriment to an insured.[4]

Consistent with the requirements of OCGA § 20-2-1090, the Selective policy procured by the Twiggs County School Board insures against "bodily injury . . . caused by an accident and resulting from the ownership, maintenance, or use of a covered auto [i.e. — school bus]," and requires Selective to pay all sums its insured must pay due to such bodily injury. As explained above, the facts alleged by Payne do not show a causal connection between her injuries and the use of a Twiggs County school bus. Nor do her allegations show that her injuries were sustained as the result of an accident involving a school bus. Rather, she alleges that her injuries were the proximate result of an attack inflicted by a fellow student. The school bus is only tangentially connected to Payne's injuries, and even then only to the extent that it was the situs of the attack.

On at least two occasions, the Court of Appeals has concluded that language identical to that in the Selective insurance policy at issue here does not encompass instances where a student riding on a school bus is injured when attacked by fellow students. In those instances, the Court of Appeals has concluded that:

> [T]he injury bears no apparent relation to the operation of the vehicle or the use to which it was being put. Instead, it resulted from a deliberate assault which took place in the vehicle simply because that is where the victim happened to be when the assailant came "gunning" for him. Under these circumstances, we can discern no causal connection or relationship between the use of the vehicle and the injury, and we must accordingly conclude that the injury is not covered by the policy.[5]

---

(where a student is attacked and injured by another student immediately after disembarking from school bus, OCGA § 20-2-1090 does not apply for purposes of waiving sovereign immunity (see Ga. Const. (1983), Art. I, Sec. II, Par. IX (e); *Gilbert v. Richardson*, 264 Ga. 744, 747-748 (452 SE2d 476) (1994)), because no bus accident or collision was involved in the actions which caused the injuries).

[3] *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996).

[4] See id.; *Liberty Nat. Ins. Co. v. Davis*, 198 Ga. App. 343, 344 (401 SE2d 555) (1991).

[5] *Washington v. Hartford Accident &c. Co.*, 161 Ga. App. 431, 432 (288 SE2d 343) (1982);

We agree with this reasoning, and conclude that the plain terms of the Selective policy did not insure against the harm suffered when Smith attacked Payne.

3. Notwithstanding that her injury is not contemplated by the provisions of OCGA § 20-2-1090 or the Selective insurance policy at issue, Payne urges that she is a third-party beneficiary of the insurance contract between the Twiggs County School District and Selective. Liability insurance claimants generally are not regarded as third-party beneficiaries of insurance policies.[6] Moreover, as explained in Division 1 above, insurance coverage for injuries such as those sustained by Payne, which do not involve a school bus accident or collision, is not mandated by § 20-2-1090.

Nor do the express terms of the insurance contract contemplate that, under the circumstances of her injury, Payne was an intended beneficiary of the policy.[7] Were we to allow Payne third-party standing to seek recovery from Selective, we would (1) afford her greater rights than those inuring to the insureds; (2) essentially rewrite the terms of the insurance contract, and (3) strip Selective of its authority to bargain for the terms of its insurance coverage — none of which we are willing to do.[8] Finally, Payne cannot seek to recover from Selective as a third-party beneficiary due to an unsatisfied judgment in her favor against one of the insureds, because no such unsatisfied judgments exist.[9]

4. In conclusion, the Twiggs County School District was not obligated under OCGA § 20-2-1090 to maintain insurance against injuries incurred due to one student attacking another student while in a school bus. Nor did the Twiggs County School District voluntarily undertake that obligation in the policy of insurance it procured from Selective. Because she lacks third-party standing under Georgia law, Payne may not seek to recover under the Selective policy as a third-party beneficiary.

*Question answered in the negative. All the Justices concur.*

---

see *Hicks v. Walker County School Dist.,* 172 Ga. App. 428, 429 (323 SE2d 231) (1984).

[6] *Googe v. Florida Intl. Indem. Co.,* 262 Ga. 546, 548 (422 SE2d 552) (1992). Payne attempts to distinguish this line of case law by arguing that the Selective policy at issue in this case does not provide for liability insurance, but rather provides accident insurance. For purposes of determining third-party beneficiary status, however, such a distinction between the two types of insurance would be meaningless.

[7] See *Backus v. Chilivis,* 236 Ga. 500 (224 SE2d 370) (1976) (in order for third-party beneficiary to have standing to enforce a contract, it must clearly appear in the contract's terms that it was intended for her benefit; merely because she could benefit from its performance is insufficient); OCGA § 9-2-20 (b).

[8] See *Allstate Ins. Co. v. Hendrix,* 222 Ga. App. 865, 866 (476 SE2d 644) (1996).

[9] See *Hartford Ins. Co. v. Henderson & Son,* 258 Ga. 493, 494 (371 SE2d 401) (1988).

DECIDED MARCH 2, 1998 —
RECONSIDERATION DENIED APRIL 2, 1998.

*Lane & Jarriel, Thomas F. Jarriel,* for appellant.
*Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan, Beth S. Reeves,* for appellees.