**SECOND DIVISION
BARNES, P. J.,
ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**June 8, 2012**

# In the Court of Appeals of Georgia

A12A0489.   STATE   FARM   MUTUAL   AUTOMOBILE
    INSURANCE COMPANY v. MYERS et al.

MCFADDEN, Judge.

DeAnna Myers's disabled adult ward, D. M., was the victim of a sexual battery while riding in the backseat of a car. On D. M.'s behalf, Myers brought suit for damages against, among others, the driver of the car. State Farm Mutual Automobile Insurance Company brought a separate action seeking a declaratory judgment that an automobile liability insurance policy it had issued to the driver's wife did not cover the damages alleged in the underlying suit. Myers and State Farm filed cross motions for summary judgment in the declaratory judgment action. The trial court granted summary judgment to Myers and denied summary judgment to State Farm, and State Farm appeals. Because the damages alleged in the underlying suit did not arise out

of the ownership, maintenance or use of the car, as required for coverage under the policy, State Farm was entitled to summary judgment in the declaratory judgment action. Accordingly, we reverse.

Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from the grant or denial of summary judgment, we conduct a de novo review, construing the evidence and all reasonable conclusions and inferences drawn therefrom in the light most favorable to the nonmovant. *Allstate Ins. Co. v. Neal*, 304 Ga. App. 267 (696 SE2d 103) (2010).

The relevant facts are not in dispute. State Farm issued an automobile insurance policy to Jesse Johnson. Her husband, Kenneth Johnson, used the car listed in the policy to drive Medicaid patients to and from medical appointments on behalf of LogistiCare, Inc. On February 20, 2008, he drove D. M. to a medical appointment. On the return trip, D. M., Myers, and Kenneth Johnson's brother, Dondi Johnson, sat in the backseat of the car. When Myers fell asleep, Dondi Johnson repeatedly touched D. M.'s breast and thigh without her consent. He later pled guilty to sexual battery for these acts.

The critical issue in a declaratory judgment action to determine the parties' obligations with respect to a liability insurance policy is whether the underlying suit alleges a claim that is covered by the policy. *O'Dell v. St. Paul Fire & Marine Ins. Co.*, 223 Ga. App. 578, 579 (478 SE2d 418) (1996). The policy in this case provided that State Farm would "pay damages which an insured becomes legally liable to pay because of . . . bodily damages to others . . . caused by accident resulting from the ownership, maintenance or use of [the insured's] car; and . . . defend any suit against an insured for such damages with attorneys hired and paid by us." (Emphasis omitted.) The parties to this appeal dispute whether the damages alleged in the underlying suit "result[ed] from ... the use of [the] car" and thus were covered under the policy. (Myers offers no argument that the alleged damages resulted from the ownership or maintenance of the car, apart from its use.) We agree with State Farm that the alleged damages were not covered because they did not result from use of the car.

For an injury to result from the use of a motor vehicle, there must be such a causal connection as to render it more likely that the injury "grew out" of the . . . use of the vehicle. . . . [T]he connection must not be merely fortuitous. There must be

more of a connection between the use of the vehicle and the resulting injury than mere presence in the vehicle when the injury was sustained.

(Citations and punctuation omitted.) *Davis v. Criterion Ins. Co.*, 179 Ga. App. 235, 236 (345 SE2d 913) (1986).

That holding follows from *Payne v. Twiggs County School Dist.*, 269 Ga. 361 (496 SE2d 690) (1998). There our Supreme Court held that a policy with similar language to that at issue in this case did not cover an injury sustained when one passenger of a school bus physically attacked another passenger while they were riding in the bus. The Court explained:

> [T]he facts alleged [by the plaintiff in the underlying suit] do not show a causal connection between her injuries and the use of [the] school bus. Nor do her allegations show that her injuries were sustained as the result of an accident involving [the] school bus. Rather, she alleges that her injuries were the proximate result of an attack inflicted by a fellow student. The school bus is only tangentially connected to [the plaintiff's] injuries, and even then only to the extent that it was the situs of the attack.

Id. at 363 (2); see also *Davis*, 179 Ga. App. at 237 (finding injuries sustained by bus driver who was stabbed by passenger did not arise out of use of bus, and thus were not covered by liability insurance policy, where bus was "merely the unfortunate

4

location where [the assailant and the victim] crossed paths"); *Washington v. Hartford Accident &c. Co.*, 161 Ga. App. 431, 432 (288 SE2d 343) (1982) (finding no causal connection between use of vehicle and injury, which bore no apparent relation to the vehicle's operation or use to which it was being put, but instead resulted from a deliberate assault which took place in the vehicle simply because that was where the victim happened to be when the assailant came "gunning" for him).

Myers asserts that D. M.'s injuries are covered under the policy because, "[b]ut for the use of the vehicle, it is highly unlikely that Dondi Johnson would have been able to sexually assault [D. M.] in the light of day," arguing that the use of the moving car enabled the assault by placing D. M. and Dondi Johnson together in a confined space from which D. M. could not escape. In *Payne*, however, the proximity of the attacker and victim within the confines of a moving vehicle did not create the causal connection required for the injury to be covered under the policy. *Payne*, 269 Ga. at 363 (2).

Myers attempts to distinguish *Payne* in two respects. First, she argues the movement of the car in this case was "inextricably linked" to the assault because the smaller size of the vehicle and the presence of seatbelts meant that D. M. was not able to avoid her attacker. Second, she argues that *Payne* did not involve claims against

the bus driver arising from the driver's negligent operation of the bus. But in *Payne* our Supreme Court cited with approval an earlier decision that forecloses arguments founded on the opportunities afforded an assailant by the structure of the vehicle or the inattention of the driver. See *Payne*, 269 Ga. at 363 (2) n. 5 (citing *Hicks v. Walker County School Dist.*, 172 Ga. App. 428, 429 (1) (323 SE2d 231) (1984)). In *Hicks* this court held that the appellant's injuries were not covered by a policy insuring for injuries arising out of "the use of" a school bus where the appellant "was injured when two fellow passengers ganged up and attacked [her] while they were riding in the school bus, kicking and beating her for the entire length of the forty-minute bus ride." *Hicks*, 172 Ga. App. at 429 (1).

As were the school buses in *Payne* and *Hicks*, the car in this case was only tangentially connected to D. M.'s injuries as the situs of the attack, and under the rationale employed in those cases we find that the damages to D. M. alleged in the underlying suit did not result from the use of the car. *Payne*, 269 Ga. at 363 (2); *Hicks*, 172 Ga. App. at 429 (1). Consequently, State Farm was entitled to summary judgment in the declaratory judgment action, and the trial court erred in denying its motion for summary judgment and instead granting Myers's motion.

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*