# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60757
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2016

Lyle W. Cayce
Clerk

GARRISON PROPERTY AND CASUALTY COMPANY,

Plaintiff - Appellee

v.

PATRICIA SILVA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CV-8

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This appeal relates to an insurance claim filed by Defendant–Appellant Patricia Silva for fire damage to Silva's home in Gulfport, Mississippi. On April 19, 2014, Silva had removed approximately thirty family pictures from a wall inside her home and intentionally burned the photos on the tile floor of her living room. As a result, smoke filled the room. Observing no flames and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

believing that the fire was extinguished, Silva opened the back door of the house to help disperse the smoke and moved to the back patio. Thereafter, Silva heard a smoke alarm activate within her house, and returning inside, Silva observed that the ceiling had been discolored by smoke. Silva disabled the smoke alarm, disposed of the alarm in the garbage, and opened the front door because smoke was still present within the house. She then exited her home and went to her car, which was parked directly in front of the house. At some time later,[1] Silva noticed that her home was on fire, and she called emergency services. The fire department arrived and extinguished the fire, but not before the fire caused damage to the home and its contents.

Silva submitted a claim to Plaintiff–Appellee Garrison Property and Casualty Company (Garrison) for the policy limits on her homeowner's insurance policy, totaling more than $75,000. Garrison thereafter filed the present action in federal court pursuant to 28 U.S.C. § 1332, seeking a declaratory judgment on its liability for insurance coverage for the fire damage to Silva's home.[2] On April 2, 2015, Garrison moved for summary judgment, arguing that Silva's claim was not covered by the insurance policy because the loss was not "sudden or accidental." The district court granted the motion, finding that Silva could not demonstrate that she suffered a covered loss because the conflagration that damaged her home was not "sudden and accidental." The district court thereafter entered final judgment in favor of Garrison, and Silva timely appealed.

We review a district court's grant of summary judgment *de novo*, "applying the same standard as the district court." *Johnston & Johnston v.*

---

[1] In her deposition, Silva stated that she may have fallen asleep in her car.

[2] Silva asserted counterclaims for breach of contract and bad faith. The district court granted summary judgment for Garrison on Silva's counterclaims, and Silva does not challenge that determination on appeal. *See SEC v. Recile*, 10 F.3d 1093, 1096 (5th Cir. 1993) ("[I]ssues not raised at all are waived.").

No. 15-60757

*Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). And we construe all facts and inferences in the light most favorable to the nonmoving party. *Johnston & Johnston*, 732 F.3d at 561. "In diversity cases, this court applies the substantive law of the forum state, Mississippi." *State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC*, 751 F.3d 684, 688 (5th Cir. 2014).

Silva contends that the district court, in finding that her loss was not covered by the insurance policy, resolved several genuine disputes of material fact relating to whether the loss of the house as a result of the fire was "sudden and accidental." "'Under Mississippi law a plaintiff has the burden of proving a right to recover under the insurance policy sued on,' and this basic burden never shifts from the plaintiff." *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 625 (5th Cir. 2008) (quoting *Britt v. Travelers Ins. Co.*, 566 F.2d 1020, 1022 (5th Cir. 1978)). "The interpretation of insurance policy language is a question of law." *Robichaux v. Nationwide Mut. Fire Ins. Co.*, 81 So. 3d 1030, 1035 (Miss. 2011). In the present matter, the insurance policy covered "'sudden and accidental', direct, physical loss to tangible property described in [the insurance policy]." And the contract unambiguously defines the term "sudden and accidental" as "an abrupt, fortuitous event which is unintended from the perspective of a reasonable person." *See Lewis v. Allstate Ins. Co.*, 730 So. 2d 65, 68 (Miss. 1998) (holding that "when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written").

3

No. 15-60757

On appeal, Silva points to a number of alleged factual disputes purportedly resolved by the district court. All of those alleged disputes relate to her deposition testimony that she believed the fire she started by burning her photos was extinguished and that the subsequent fire affecting her home was "sudden and accidental."[3] However, Silva has failed to offer any evidence supporting that assertion. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) ("[U]nsubstantiated assertions are not competent summary judgment evidence."). Such unsupported assertions in "deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997). Having considered the entire record, Silva has failed to present sufficient evidence to raise a genuine dispute that the fire that destroyed her home was "sudden and accidental" and, thus, covered under the insurance policy. The district court consequently did not err in granting Garrison's summary judgment motion.

We therefore AFFIRM the judgment of the district court.

---

[3] Silva also contends that the district court improperly resolved a factual dispute when the court stated that Silva "sat in her car (perhaps napping) while the smoke aired out of the house." However, the district court never made an express finding that Silva was asleep and, instead, was only referencing Silva's own testimony that she thought she may have fallen asleep.

4