# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2020

Lyle W. Cayce
Clerk

No. 19-60875
Summary Calendar

BURROUGHS DIESEL, INCORPORATED,

Plaintiff - Appellant

v.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:18-CV-48

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The plaintiff sued its insurance company for breach of contract, breach of good faith and fair dealing, and tortious breach of contract due to the company's failure to pay a claim. The district court entered summary judgment in favor of the defendant, concluding that an exclusion in the policy applied. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60875

## FACTUAL AND PROCEDURAL BACKGROUND

On October 14, 2016, over 5,000 gallons of hydrochloric acid leaked from a storage tank in Laurel, Mississippi, on property adjacent to that owned by the plaintiff, Burroughs Diesel, Incorporated ("BDI"). The acid was a liquid, but it quickly created a cloud that traveled across the street and engulfed BDI's property. According to BDI, this cloud caused extensive damage to its buildings, vehicles, inventory, tools, machines, and equipment. BDI promptly reported the loss to its insurance company, Travelers Indemnity Company of America. Following this report, two Travelers adjusters separately went to BDI's property to investigate BDI's claim of loss. Travelers retained a professional engineer to assist in the investigation. That engineer concluded that the hydrochloric acid did in fact damage BDI's property. Nonetheless, Travelers denied coverage, relying on pollution exclusion in BDI's insurance policy.

Over the next year, BDI continued to request that Travelers pay the claim and Travelers continued to deny coverage. After Travelers issued a final denial of coverage, BDI brought suit in the United States District Court for the Southern District of Mississippi, seeking coverage under the policy and other relief. Both parties filed motions for summary judgment. The district court held that BDI's alleged damages were "excluded from coverage by the policy's pollution exclusion," and that BDI failed to demonstrate that any exception to the pollution exclusion applied. The district court entered judgment for Travelers, dismissing the suit. BDI appealed.

## DISCUSSION

We review a district court's granting a summary judgment *de novo*. *Federal Ins. Co. v. Singing River Health Sys.*, 850 F.3d 187, 194 (5th Cir. 2017). Summary judgment is appropriate if the "movant shows that there is no

No. 19-60875

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quotation marks omitted). All the facts and possible inferences are viewed "in the light most favorable to the nonmoving party." *State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*, 751 F.3d 684, 688 (5th Cir. 2014). Because this is a diversity case, we apply the substantive law of the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Mississippi is that state.

Mississippi courts considers the interpretation of an insurance policy to be a question of law. *LogistiCare Sols.*, 751 F.3d at 688. BDI bears the burden of proving its right to recover under the policy; Travelers has the burden to prove the applicability of a policy exclusion. *See Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346, 356 (5th Cir. 2007). The district court concluded that once the insurer proved the applicability of an exclusion, the insured then would have the burden to establish a relevant exception to the exclusion. Although we have not discovered controlling Mississippi law to support such burden shifting, we conclude that is the most reasonable understanding of how state courts would proceed. We will do the same.

BDI argues that the district court erroneously determined that an exclusion to coverage in the Travelers policy applied. As we analyze the policy, we must follow Mississippi law that unambiguous provisions in an insurance policy be interpreted "exactly as written." *See George v. Miss. Farm Bureau Mut. Ins. Co.*, 168 So. 2d 530, 531 (Miss. 1964).

The necessary progression through the policy terms is this. The policy required Travelers to "pay for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss." Excluded from

coverage were losses caused by "pollution," which is described in the policy as "[d]ischarge, dispersal, seepage, migration, release or escape of 'pollutants.'" Then an exception to the exclusion arises, which says there is coverage if "the discharge, dispersal, seepage, migration, release or escape is itself caused by any of the 'specified causes of loss.'" Travelers agreed to "pay for the loss or damage caused by such 'specified causes of loss.'"

The definitions section gives us the final required provisions. The "Specified Causes of Loss" include, among many others, "smoke (including the emission or puff back of smoke, soot, fumes or vapors from a boiler, furnace or related equipment)." "Pollutants" are "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, waste and any unhealthful or hazardous building materials." Whether "smoke" as a specified cause of loss overcomes the inclusion of "acids" as an excluded pollutant is our only issue.

Travelers agrees that BDI's property was covered by the policy. "Acids," at least generally, clearly are excluded pollutants. BDI argues that the cloud that resulted from the release of the hydrochloric acid constituted "smoke," which is a "specified cause of loss." The term "smoke" is not defined in the policy. BDI argues that because there is more than one dictionary definition of "smoke," the term is ambiguous and should be resolved in favor of coverage.

The controlling Mississippi law says policy terms are to be understood by "applying the 'ordinary and popular meaning' to any undefined terms." *Noxubee Cnty. Sch. Dist. v. United Nat'l Ins. Co.*, 883 So. 2d 1159, 1165 (Miss. 2004)(Graves, J.). "Ambiguities exist when a policy can be logically interpreted in two or more ways, where one logical interpretation provides for coverage." *United States Fid. & Guar. Co. of Miss. v. Martin*, 998 So. 2d 956, 963 (Miss. 2008). According to BDI, when the liquid acid leaked, it "turned into gas particulate upon contact with the ambient heat/humidity and formed a white

smoke cloud of [hydrochloric acid] gas particles suspended in water vapor (gas) that traveled across the street." Looking for a dictionary definition that would at least create some ambiguity about the meaning of "smoke," BDI latches onto a secondary one in one dictionary that defines it as "a suspension of particles in a gas."[1]

We do not interpret state law to mean it was enough to locate some definition that fails to focus on smoke resulting from combustion. Instead, by using dictionaries, we are seeking the ordinary, popular, or logical meaning of "smoke." It is the first definition in that same dictionary: "the gaseous products of burning materials."[1]

Because BDI failed to prove that an exception to the policy's pollution exclusion applies, the district court did not err by granting Travelers' motion for summary judgment on the issue of breach. Furthermore, because BDI cannot establish the existence of coverage for its claimed damages under the policy, it cannot recover on its claims of bad faith. *See Stubbs v. Miss. Farm Bureau Cas. Ins. Co.*, 825 So. 2d 8, 13 (Miss. 2002). That means the district court did not err by entering summary judgment in favor of Travelers.

AFFIRMED. The motion by BDI's counsel to withdraw is GRANTED.

---

[1] .Smoke, MERRIAM-WEBSTER, https//www.merriam-webster.com/diction ary/smoke (last visited by the plaintiff on Feb. 25, 2020).